United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVGENII ROMANOV, on behalf of SVETLANA ROMANOVA, A #249-138-723, | § § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-25-3133 |
| v. | § § | |
| MARTIN FRINK, WARDEN, HOUSTON PROCESSING CENTER,[1] | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

On June 30, 2025, this court received a Petition for Writ of Habeas Corpus and Motion for Emergency Immediate Release brought pursuant to 28 U.S.C. § 2241 (the "Petition") (Docket Entry No. 1) from Evgenii Romanov.  Evgenii signed and filed the Petition on behalf of his mother, Svetlana Romanova,[2] who is currently in custody of the United States Immigration and Customs Enforcement ("ICE") at the Houston Processing Center.[3]  Citing Zadvydas v.

---

[1]Although the Petition also lists several other federal officials, Warden Frink is Svetlana's immediate custodian and is therefore the only proper respondent.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004).

[2]The court will refer to Evgenii Romanov as "Evgenii" and to Svetlana Romanova as "Svetlana" throughout this Memorandum Opinion and Order.

[3]See Petition, Docket Entry No. 1, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted by the courts Electronic Case Filing system.

Davis, 121 S. Ct. 2491 (2001), the Petition seeks Svetlana's immediate release.[4] Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[5] requires the court to promptly examine the Petition and its attached exhibits and dismiss the Petition, in whole or in part, if the face of the Petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the court ordered Evgenii to respond and show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Evgenii has responded. As will be explained below, this Petition will be dismissed for lack of subject matter jurisdiction because Evgenii does not meet the requirements to represent Svetlana as next friend.

## I. Background

As noted, the Petition seeks Svetlana's immediate release.[6] The Petition alleges that Svetlana, who is 58 years old, has been detained by ICE since December 17, 2024.[7] It further alleges that Svetlana has lost 61 pounds, is "near-blind" in one eye, has "suspected cancer" but "no diagnostics," has been given psychiatric

---

[4]Id. at 3 ¶ V.2., 4.

[5]A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[6]Petition, Docket Entry No. 1, p. 3 ¶ V.2., p. 4.

[7]Id. at 2 ¶ II.4.

drugs without evaluation or consent, has been hospitalized twice, has been isolated in solitary confinement, and has been subjected to freezing air conditioning, malnutrition, and racial slurs.[8]

Because the Petition does not make clear whether Evgenii satisfies the requirements to represent Svetlana as next friend, the court entered an Order to Show Cause, directing Evgenii to respond and show cause as to why this action should not be dismissed for lack of jurisdiction.[9] Evgenii was directed to file a response as to why he may represent Svetlana as next friend that: (1) explains why Svetlana cannot prosecute this case on her own at this time; (2) establishes that he is truly dedicated to the best interests of Svetlana; and (3) shows a significant relationship with Svetlana.[10] Evgenii has filed a response titled "Declaration of Evgenii Romanov as Next Friend" ("Declaration").[11] The Declaration submitted by Evgenii states in its entirety:

> I, Evgenii Romanov, declare as follows:
>
> 1. I am the son of Svetlana Romanova (A249-138-723), who is currently detained at the Houston Processing Center in Texas.
>
> 2. I am submitting this declaration as her next friend because she is unable to adequately access legal counsel or file on her own behalf.
>
> 3. I reside at 2130 Stirling Rd, Apt 204, Hollywood, FL 33020. My phone number is (786) 305-1844 and email address is e9639940431@gmail.com.

---

[8] Id. at 2 ¶ III.14., p. 5 ¶¶ 3-4.

[9] See Order to Show Cause, Docket Entry No. 3, p. 4.

[10] Id.

[11] See Docket Entry No. 4.

>    4. Attached is a copy of my birth certificate showing my relationship to Svetlana Romanova.  A certified English translation is also included.
>
>    5. I respectively request that the Court accept me as the next friend of Svetlana Romanova in this habeas corpus proceeding.

(Declaration, Docket Entry No. 4, p. 2)  Evgenii has also submitted a copy of his Russian birth certificate, along with a translation, and an article dated June 29, 2025, from the Houston Chronicle titled "'It's a prison:' Asylum seekers in Houston detention centers face longer stays, no clear answers[.]"[12]

## II.  Analysis

As a threshold matter, the court must determine whether it has subject-matter jurisdiction to consider the Petition.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (explaining that "the court is without jurisdiction to consider the [habeas] petition" "when the application for habeas corpus filed by a would be 'next

---

[12]See id. at 3-5; Docket Entry No. 5.

friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device").

The federal habeas statutes provide an exception to the general rule that individuals who do not hold a law license may not represent other parties. Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner. See Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990).

To qualify for "next friend" status, the filer first "must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Whitmore, 110 S. Ct. at 1727 (citations omitted). "[T]hat explanation must be supported by relevant proof. For example, speculation that a would-be petitioner cannot act for himself due to 'mental incapacitation' will not suffice without a medical professional's opinion to support it." Fanciullo by next friend Fanciullo v. Hillhouse, Civil Action No. 6:23cv286, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (citing Aguilar v. Bragg, 463 F. App'x 333, 334 (5th Cir. 2012)), report and recommendation adopted, No. 6:23-cv-00286, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023).

Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has "some significant relationship with the real party in interest." Whitmore, 110 S. Ct. at 1727. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id.

Evgenii has not satisfied the requirements to represent Svetlana as next friend. Even assuming without deciding that Evgenii has shown a significant relationship with Svetlana and that he has established that he is truly dedicated to Svetlana's best interests, Evgenii has not demonstrated that Svetlana cannot prosecute this case on her own at this time. In the Declaration Evgenii merely states that Svetlana "is unable to adequately access legal counsel or file on her own behalf."[13] Although the Petition alleges that Svetlana is "near-blind" in one eye, has "suspected cancer," has been given psychiatric drugs without evaluation or consent, has been hospitalized twice, and has spent time in solitary confinement, Evgenii does not explain why these circumstances — or any other circumstances — preclude Svetlana from representing her own interests. Evgenii submits no support for his contention that Svetlana has cancer or that she has been given psychiatric drugs without evaluation or consent. Evgenii offers no proof in support of his generic statements that Svetlana cannot

---

[13]Declaration, Docket Entry No. 4 at 2 ¶ 2.

care for her own interests in this case. Absent any supporting evidence, Evgenii has not met his burden and cannot proceed as Svetlana's next friend. See, e.g., State of Texas v. Prek on behalf of Prek, Civil Action No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); United States v. Barrandey, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under Whitmore") (citing authorities); Welsh as next friend of Wilson v. McLane, A-20-CV-792-RP, 2020 WL 5865987, at *2 (W.D. Tex. Oct. 1, 2020) (finding that individual seeking next friend status did not meet his burden to show that the real party in interest could not appear on his own behalf to prosecute the action when the prospective next friend did not provide any documentation or other evidence supporting his allegations that the real party in interest had a low IQ and suffered from mental health problems). Because Evgenii has failed

to meet his burden to show that he may proceed as Svetlana's next friend, this case must be dismissed for lack of subject-matter jurisdiction.

### III. Conclusion and Order

The court **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus and Motion for Emergency Immediate Release brought pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) filed by Evgenii Romanov on behalf of his mother, Svetlana Romanova, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. Any pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 30th day of July, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE